UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Case No. 1:21-CR-00301-TJK-1 |
| : | |
| STEPHEN ETHAN HORN, : | |
| : | |
| *Defendant.*   : | |

### DEFENDANT'S MOTION TO
### AMEND CONDITIONS OF RELEASE

Defendant Stephen Ethan Horn, by and through undersigned counsel, moves this Court to amend the conditions of release for this case that were imposed upon him on April 27, 2021. *See* D.E. 13. Specifically, Mr. Horn requests that the Court strike the condition prohibiting him from possessing a firearm. *Id.* at 2, ¶ 7(k). In support of this request, he states as follows:

### I. FACTUAL AND PROCEDURAL HISTORY

On April 13, 2021, Mr. Horn was named in a four-count information charging him with four misdemeanor offenses: (i) entering and remaining in a restricted building, in violation of 18 U.S.C. § 1752(a)(1); (ii) disorderly and disruptive conduct in a restricted building, in violation of 18 U.S.C. § 1752(a)(2); (iii) disorderly and disruptive conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (iv) parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G). As the Court is aware, the charges stem from the events that took place at the United States Capitol on January 6, 2021.

Mr. Horn is a 24-year-old resident of the Eastern District of North Carolina. Prior to the information being filed in this Court, a criminal complaint and arrest warrant had issued on March 29, 2021. *See* D.E. 1. Upon being made aware of this warrant, Mr. Horn, through

1

undersigned counsel, voluntarily met law enforcement agents at the United States Courthouse in downtown Raleigh, North Carolina on April 9, 2021 so that he could be arrested and served with this warrant. *See United States v. Stephen Ethan Horn*, No. 5:21-MJ-1357-RN-1 (E.D.N.C.), at D.E. 1–2. Shortly thereafter, Mr. Horn had his initial appearance for these charges in the Eastern District of North Carolina and was subsequently released on conditions by United States Magistrate Judge Robert T. Numbers, II. *See id.* D.E. 2–3.

Mr. Horn's first appearance in this district was on April 27, 2021 before United States Magistrate Judge G. Michael Harvey. At that time, Mr. Horn entered pleas of "not guilty" to each of the four charges contained in the criminal information that had been filed on April 13, 2021. Further proceedings before this Court were scheduled, and Mr. Horn was again ordered released on conditions. *See* D.E. 13.

Since that time, Mr. Horn has complied with his conditions of release while living and working in North Carolina. He has no criminal record and is a software engineer for a company based in Wake Forest, North Carolina. In 2018, he graduated from Thomas Edison State University with a BSBA in General Management. Mr. Horn is an active journalist and spends his free time engaging in such activities.

Due to the voluminous discovery at issue in this case that must be produced by the government and subsequently reviewed by all parties, as well as Mr. Horn not being in custody, further proceedings in this matter have been continued to March 2022. Mr. Horn has *not* objected to the government's requests for all such time in the interim to be excluded from Speedy Trial Act computations.

Mr. Horn now seeks an order from this Court that amends the Conditions of Release imposed upon him by Magistrate Judge Harvey on April 27 of this year. Specifically, Mr. Horn

requests that the condition prohibiting him from possessing a firearm, D.E. 13 at 2 (¶7(k)), be lifted. The government objects to this request, and while an attempt to ascertain the Probation Office's position was made, its position is unknown as of this motion's filing.

## **II. ARGUMENT**

"If a person is ordered released by a magistrate judge, . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." 18 U.S.C. § 3145(a)(2). "The motion shall be determined promptly." *Id.*

The statue "does not specify the standard of review to be applied by a district court reviewing a magistrate judge's release or detention order." *United States v. Owens*, No. 21-CR-286 (BAH), 2021 WL 2188144, at *5 (D.D.C. May 28, 2021). And though the D.C. Circuit has not explicitly answered that question, every other circuit to have decided the issue has concluded that a "district court reviews a magistrate judge's release or detention order *de novo*." *United States v. Chrestman*, 525 F. Supp. 3d 14, 23 n.5 (D.D.C. 2021) (collecting cases).

As such, this Court is free to consider for itself what "*least restrictive* further condition, or combination of conditions, . . . will reasonably assure the appearance of [Mr. Horn] as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(B) (emphasis added); *see also United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985) (noting that the Bail Reform Act of 1984 "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required"). Pretrial conditions of release cannot "amount to punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (stating that conditions imposed solely for punitive purposes violate the Fifth Amendment's Due Process Clause).

Mr. Horn is currently subject to a combination of eight different conditions of release.

*See* D.E. 13. He now requests that one such condition, that prohibiting him from possessing a firearm, be lifted as unduly restrictive and unconstitutional. At the moment, Mr. Horn has no objection to the remaining conditions being left intact.

### (A) Mr. Horn is Not a Danger to Any Other Person or the Community.

For starters, there is no specific evidence to suggest that Mr. Horn is a danger to any other person or the community at large. He has no criminal record, is a gainfully-employed college graduate, and none of *his* alleged conduct in this matter involves violence. Unlike many of the other January 6 cases, Mr. Horn's specific charges are largely trespassory in nature.

### (B) Mr. Horn Does Not Pose a Risk of Nonappearance.

Second, there is similarly no evidence to suggest that Mr. Horn is a risk of nonappearance. Mr. Horn voluntarily surrendered himself for the charges at issue in this case in April of this year. Since then, his performance on pretrial supervision has been exemplary; he has "appeared" as required for all video conference hearings; and he communicates with his supervising probation officer whenever required. Moreover, the threat of possible punishment as an incentive to flee in this case is minimal given that the four charges he faces in this matter are misdemeanors.

### (C) The Firearm Restriction Violates Mr. Horn's Second Amendment Rights.

Finally, the firearm restriction in Mr. Horn's conditions of release unlawfully infringes upon Mr. Horn's Second Amendment rights. At its core, the Second Amendment protects "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *D.C. v. Heller*, 554 U.S. 570, 635 (2008). And while "unvirtuous" citizens, e.g. those convicted of crimes punishably by terms of imprisonment in excess of a year, may be stripped of their Second Amendment rights, Mr. Horn is not a felon. *See United States v. Yancey*, 621 F.3d 681, 684–85

4

(7th Cir. 2010) (noting that "most scholars of the Second Amendment agree that the right to bear arms was tied to the concept of a virtuous citizenry and that, accordingly, the government could disarm 'unvirtuous citizens'" (citations omitted)). Nor would he be, for that matter, even if convicted of all four charges in this matter.

For this reason, the firearm restriction as applied to Mr. Horn in this case is unconstitutional because it prohibits him from using a gun "for the core lawful purpose of self-defense." *Heller*, 554 U.S. at 630. As allowed by North Carolina law, Mr. Horn has a permit to carry a concealed handgun for self-defense purposes. *See* Exhibit One, Concealed Carry Permit for Stephen Horn; *see also* N.C. Gen. Stat. § 14-415.11. To obtain this permit, Mr. Horn had to satisfy four distinct criteria including, for example, showing that he does not suffer from "a physical or mental infirmity that prevents the safe handling of a handgun" and that he has completed "an approved firearms safety and training course which involves the actual firing of handguns and instruction in the laws of [North Carolina] governing the carrying of a concealed handgun and the use of deadly force." *See* N.C. Gen. Stat. § 14-415.12(a).

Given this training, Mr. Horn is qualified and lawfully authorized to possess a firearm—even a concealed one—under North Carolina law. He obtained this permit in order to have the ability defend himself, as allowed by the Second Amendment. However, the firearm prohibition at issue in this case has taken that protection away, and he now asks the Court to lift this restriction and allow him to exercise his Second Amendment right to possess a gun for purposes of self-defense.

### III. CONCLUSION

Given Mr. Horn's background, characteristics, and the nature of the offenses with which he has been charged, the release condition prohibiting him from possessing a firearm is unduly

5

restrictive. The condition is not necessary to address either a concern as to his danger to the community nor his risk of nonappearance because Mr. Horn poses no such danger or risk.

Finally, the condition, as applied to Mr. Horn in this case, is unconstitutional under both the Second and Fifth Amendments. Mr. Horn's history, characteristics, and the charges at issue in this case do *not* suggest that he is a part of the "unvirtuous" citizenry from whom firearm rights may be deprived. As such, the restriction essentially amounts to pretrial punishment without due process of law.

For these reasons, Mr. Horn respectfully requests that the Court amend his conditions of release by lifting the restriction prohibiting him from possessing a firearm. He does not currently seek amendment to any other condition listed in the release order, and he understands that he must continue to abide by all other conditions listed therein, or else be subject to the penalties and sanctions discussed on page 3 of the release order.

Respectfully requested this 17th day of December, 2021.

*/s/ Marshall H. Ellis*
MARSHALL H. ELLIS
301 East Main Street
Elizabeth City, NC 27909
Telephone: 252-335-0871
Fax: 252-335-4223
Email: mellis@hrem.com
N.C. State Bar No. 47720
Retained Counsel for the Defendant

*/s/ Charles R. Haskell*
CHARLES R. HASKELL
LAW OFFICES OF CHARLES R. HASKELL, P.A.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: charles@charleshaskell.com
DC Bar No. 888304007
Retained Counsel for the Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

MICHAEL GORDON JAMES
DOJ-USAO
Terry Sanford Federal Building
310 New Bern Avenue
Suite 800
Raleigh, NC 27601-1461
919-856-4530
Email: mike.james@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on December 17, 2021, using the CM/ECF system which will send notification of such filing to the above.

    This the 17th day of December, 2021.


                          ***/s/ Marshall H. Ellis***
                          MARSHALL H. ELLIS
                          301 East Main Street
                          Elizabeth City, NC 27909
                          Telephone: 252-335-0871
                          Fax: 252-335-4223
                          Email: mellis@hrem.com
                          N.C. State Bar No. 47720
                          Retained Counsel for the Defendant

                          ***/s/ Charles R. Haskell***
                          CHARLES R. HASKELL
                          LAW OFFICES OF CHARLES R. HASKELL, P.A.
                          641 Indiana Ave. NW
                          Washington, DC 20004
                          (202) 888-2728
                          Email: charles@charleshaskell.com
                          DC Bar No. 888304007
                          Retained Counsel for the Defendant