UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NO. 1:21-CR-00301-TJK-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN ETHAN HORN,<br><br>*Defendant.* | DEFENDANT'S REPLY TO THE GOVERNMENT'S RESPONSE IN OPPOSITION TO HIS MOTION TO COMPEL DISCOVERY |

Defendant Stephen Ethan Horn, by and through undersigned counsel, submits this reply to the government's response in opposition (D.E. 46) to his motion to compel discovery (D.E. 45). The government's response minimizes its constitutional obligations under the Fifth Amendment by claiming that Rule 16(a)(2)'s work product exception and the Department of Justice's (DOJ's) own policy concerning the First Amendment rights of members of the news media alter what must be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. That these regulations are not "substantive rules that create individual rights" has no bearing on whether Mr. Horn is obligated to receive the information he now seeks. Instead, since such information exists and is material to both the issues of guilt and punishment in Mr. Horn's case, *Brady* requires that it be disclosed to him—regardless of whether the regulations or Rule 16 say the material is discoverable. In further support, Mr. Horn states as follows:

> *(I) The Government's Brady Obligations Override Regulatory and Statutory Rules.*

In response to Mr. Horn's motion to compel, the government primarily argues that the information Mr. Horn seeks is not subject to disclosure under *Brady* because the material being

1

sought is protected from disclosure by Rule 16(a)(2) as well as the same regulation Mr. Horn cited in support of his motion to compel. *See* D.E. 46 at 5–7 (quoting the regulation at issue and citing cases in support of the proposition that the DOJ's internal policies are not substantive rules which create enforceable rights on the part of individuals); D.E. 46 at 9 (stating that Rule 16(a)(2) provides a "straightforward bar to the [information] [Mr. Horn] seeks").

Mr. Horn recognizes that 28 C.F.R. § 50.10(j) provides that the DOJ's First Amendment policy for members of the news media "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person." However, this limitation has nothing to do with whether the material being sought is subject to disclosure under *Brady*.

As noted in Mr. Horn's motion, the government's *Brady* obligations stem from a criminal defendant's constitutional right to "due process of law" before being "deprived of life, liberty, or property." *See* U.S. CONST. amend. V. Because *Brady* involves a constitutional right, no governmental regulation or "court-made rules of procedure" may "alter the [government's] duty to disclose material that comes within *Brady*." 2 Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 256 (4th ed. 2022). *See also United States v. Armstrong*, 517 U.S. 456, 474–75 (1996) (Breyer, J., concurring in part and concurring in the judgment) (explaining that Rule 16 of the Federal Rules of Criminal Procedure does not alter the government's obligations under *Brady*); *United States v. Lujan*, 530 F. Supp. 2d 1224, 1252 (D.N.M. 2008) (denying a defendant's motion to compel production of the DOJ's death penalty procedures in a capital case but noting that the decision to do so "does not alter the [g]overnment's obligation under *Brady* to disclose evidence favorable to" the defendant).

In light of these principles, the government is wrong in claiming that its own policies and Rule 16(a)(2)'s work product exception preclude it from having to disclose the material Mr. Horn now seeks. The principles cited above make clear that *Brady* reigns supreme in the law of discovery in criminal cases. Material is subject to disclosure under *Brady* if: (i) the material is favorable to the accused; (ii) it is possessed by the government; and (iii) failure to disclose it would prejudice the accused. *United States v. Borda*, 848 F.3d 1044, 1066 (D.C. Cir. 2017) (citations omitted).

Mr. Horn previously explained how the information he now seeks satisfies these three criteria. *See* D.E. 45 at 7–10. The government's response to Mr. Horn's motion is conspicuously silent as to whether the requested material satisfies these three criteria. Instead, the government simply relies on the fact that its own policies and Rule 16(a)(2)'s work product exception preclude disclosure as a "straightforward bar to the" material Mr. Horn seeks. *See* D.E. 46 at 6–7, 9. As explained above, however, such reliance is impermissible given the overriding demands of *Brady*.[1]

### (II) The First Amendment and Mr. Horn's Charges

In responding to Mr. Horn's motion to compel discovery, the government claims that the First Amendment would not be a defense for Mr. Horn even if he were a member of the news media. *See* D.E. 46 at 7. To be sure, Mr. Horn *is* a member of the news media, and any attempt by the government to say otherwise would contradict the DOJ's own definition of "representative of the news media." *See* 28 C.F.R. § 16.10(b)(6) (stating, in a DOJ regulation governing disclosure of records under the Freedom of Information Act, that a "representative of

---

[1] Similarly, regardless of whether Rule 16 limits the government's discovery obligations "to material that refutes the government's case-in-chief," *see* D.E. 46 at 9, there is no doubt that *Brady* is not so limited. *See* 2 Wright & Miller, § 254 (stating that "the constitutional compulsion of the '*Brady* rule' may require the government to disclose matter that goes beyond Rule 16(a)(1)(E)").

the news media is any person or entity that actively gathers information of potential interest to a segment of the public, uses its editorial skills to turn the raw materials into a distinct work, and distributes that work to an audience").

Regardless, the motion currently before the Court is simply a request for an order requiring the government to provide information and material concerning Mr. Horn's First Amendment rights as a member of the news media. In other words, the Court is not being asked to decide, at least for now, whether the First Amendment is a defense to the charges in Mr. Horn's case but instead whether *Brady* requires the government to disclose all information and documentation pertaining to the procedures it followed in obtaining the Attorney General's permission to charge Mr. Horn with the crimes at issue in this case. As explained above and in his motion at D.E. 45, *Brady* does so require.

### (III) Possible In Camera Review

Finally, to the extent that the Court or the government is concerned that Mr. Horn's current request will require the government to reveal confidential DOJ files, Mr. Horn would propose that the Court require the government to submit such material to the Court for "an in camera inspection and decision as to which materials are discoverable." *See United States v. Bocra*, 623 F.2d 281, 285 (3d Cir. 1980). This procedure "is commonly used when the [g]overnment's need for preserving confidentiality over the materials must be balanced with the defendant's constitutional right to evidence [that is] material to his defense." *Id.* (citations omitted). *See also United States v. Phillips*, 854 F.2d 273, 277 (7th Cir. 1988) (stating that "when a criminal defendant seeks to discover information contained in confidential government files, the trial court must balance the competing interests of the defendant and the government in deciding whether and in what form such discovery will be allowed").

As explained above and in his previously-filed motion, Mr. Horn maintains that *Brady* entitles him to *all* information, documentation, and material concerning the DOJ's First Amendment policy as applied to his case. However, he simultaneously recognizes that separation-of-powers principles may make in camera review of such material appropriate prior to the Court ordering full disclosure by the government to Mr. Horn. As such, he leaves the decision of whether and how to grant such relief within the discretion of the Court.

Respectfully submitted this 7th day of September, 2022.

>*/s/ Marshall H. Ellis*
>MARSHALL H. ELLIS
>Hornthal, Riley, Ellis & Maland, LLP
>301 East Main Street
>Elizabeth City, NC 27909
>Telephone: 252-335-0871
>Fax: 252-335-4223
>Email: mellis@hrem.com
>N.C. State Bar No. 47720
>Retained Counsel for the Defendant
>
>*/s/ Charles R. Haskell*
>Charles R. Haskell
>LAW OFFICES OF CHARLES R. HASKELL, P.A.
>641 Indiana Ave. NW
>Washington, DC 20004
>(202) 888-2728
>Email: charles@charleshaskell.com
>DC Bar No. 888304007
>Retained Counsel for the Defendant

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served upon:

MICHAEL GORDON JAMES
DOJ-USAO
Terry Sanford Federal Building
310 New Bern Avenue
Suite 800
Raleigh, NC 27601-1461
919-856-4530
Email: mike.james@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on September 7, 2022, using the CM/ECF system which will send notification of such filing to the above.

    This the 7th day of September, 2022.

                                    ***/s/ Marshall H. Ellis***
                                    MARSHALL H. ELLIS
                                    Hornthal, Riley, Ellis & Maland, LLP
                                    301 East Main Street
                                    Elizabeth City, NC 27909
                                    Telephone: 252-335-0871
                                    Fax: 252-335-4223
                                    Email: mellis@hrem.com
                                    N.C. State Bar No. 47720
                                    Retained Counsel for the Defendant


                                    ***/s/ Charles R. Haskell***
                                    CHARLES R. HASKELL
                                    LAW OFFICES OF CHARLES R. HASKELL, P.A.
                                    641 Indiana Ave. NW
                                    Washington, DC 20004
                                    (202) 888-2728
                                    Email: charles@charleshaskell.com
                                    DC Bar No. 888304007
                                    Retained Counsel for the Defendant