UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NO. 1:21-CR-00301-TJK-1

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **DEFENDANT'S MOTION IN LIMINE TO PRECLUDE TESTIMONY FROM GOVERNMENT WITNESSES ABOUT THE CONTENTS OF DEFENDANT'S VIDEO RECORDING OF THE EVENTS IN QUESTION (FRE 602, 1002)** |
| v. | |
| **STEPHEN ETHAN HORN,** | |
| *Defendant.* | |

Defendant Stephen Ethan Horn ("Mr. Horn"), by and through undersigned counsel, respectfully moves the Court, pursuant to Rules 602 and 1002 of the Federal Rules of Evidence, for an order, *in limine*, that precludes the government's witnesses from testifying to the contents of a video recording Mr. Horn personally captured of the events in question from January 6, 2021. In support thereof, he states as follows:

**FACTUAL AND PROCEDURAL BACKGROUND**

On April 13, 2021, Mr. Horn was named in a four-count information charging him with four misdemeanor offenses: (i) entering and remaining in a restricted building, in violation of 18 U.S.C. § 1752(a)(1); (ii) disorderly and disruptive conduct in a restricted building, in violation of 18 U.S.C. § 1752(a)(2); (iii) violent entry and disorderly conduct in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(D); and (iv) parading, demonstrating, or picketing in a Capitol building, in violation of 40 U.S.C. § 5104(e)(2)(G).[1] Mr. Horn has pled "not guilty" the charges, which stem from events that took place at the United States Capitol on January 6, 2021.

---

[1] On February 25, 2022, the government filed a superseding criminal information that amended the wording of the charged counts but did *not* alter the substance of these charges. *See* D.E. 41.

Mr. Horn is a 25-year-old resident of Wake Forest, North Carolina with *no* criminal record. He is currently employed as a software engineer for a company based in Wake Forest, North Carolina, and in his free time, Mr. Horn serves as an independent, multimedia journalist. *See, e.g.*, https://twitter.com/stephenehorn (Twitter account for Stephen Horn, which has a total of 7,950 followers as of July 7, 2023).[2]

In that capacity, Mr. Horn traveled to the United States Capitol on January 6, 2021. Anticipating that newsworthy events might unfold that day, Mr. Horn went to Washington, DC with a video camera. While he was there and as the rioters began to approach and eventually breached the Capitol, Mr. Horn activated his camera and proceeded to record most of what he witnessed on January 6, 2021, with respect to the events that took place in and around the Capitol grounds. He later posted the approximately two-hour long video recording to his Facebook and Rumble accounts.

If Mr. Horn's matter proceeds to trial,[3] it is anticipated that the government will seek to introduce, as evidence against him, the video recording described above. Should the Court allow the government to do so, Mr. Horn moves the Court to preclude any government witnesses who have *no* first-hand, personal knowledge of the specific events captured in the video from testifying, in the form of an opinion or otherwise, about those events. In support, he states as follows:

---

[2] Additional information pertaining to Mr. Horn's background is contained in his motion to dismiss filed at D.E. 58. For the sake of brevity, only details concerning the instant motion are included herein.
[3] Prior to the instant motion's filing, Mr. Horn filed a motion to dismiss the charges. *See* D.E. 58 (arguing that the government has impermissibly singled Mr. Horn out for prosecution based on its arbitrary classification as to which journalists warrant First Amendment protection from prosecution for their work on January 6, 2021).

## LEGAL ANALYSIS

Under the Federal Rules of Evidence, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has *personal* knowledge of the matter." Fed. R. Evid. 602, "Need for Personal Knowledge" (emphasis added). Additionally, "[a]n original writing, recording, or photograph is required in order to prove its content unless the[] rules or a federal statute provides otherwise." Fed. R. Evid. 1002, "Requirement of the Original."

"The elementary wisdom of the best evidence rule rests on the fact that [a recording] is a more reliable, complete and accurate source of information as to its contents and meaning than anyone's description." *Gordon v. United States*, 344 U.S. 414, 421 (1953). The rule is thus "a mechanism to prevent fraud or mistransmission of information, i.e., to ensure accuracy." *United States v. Holton*, 116 F.3d 1536, 1545 (D.C. Cir. 1997).

Under the rule, "the contents of a video recording" must be proven "by submitting the recording itself." *Buruca v. D.C.*, 902 F. Supp. 2d 75, 82 (D.D.C. 2012). Furthermore, while the rule does not necessarily prohibit testimony from a witness regarding a matter captured by a recording that a party may be able to prove via means independent of the recording, such testimony must be "based on [that witness's] *first-hand knowledge* of an event as opposed to [the witness's] knowledge of the [recording]." *Waterloo Furniture Components, Ltd. v. Haworth, Inc.*, 467 F.3d 641, 648 (7th Cir. 2006) (emphasis added).

From these principles and should the Court admit Mr. Horn's video recording into evidence, he moves the Court to preclude the government's witnesses from attempting to explain, describe, or commentate, in the form of an opinion or otherwise, the events captured in his video recording. For any such witness to be able to *potentially* testify about matters captured

in the recording,[4] the government should *first* be required to establish that the witness has first-hand, personal knowledge of the events or matters at issue. To that end, Mr. Horn respectfully requests the opportunity to voir dire such witnesses regarding his/her first-hand knowledge of the events in question prior to the witness being allowed to testify about those events, in order to ensure that the witness will not testify about matters he/she learned about solely from watching Mr. Horn's recording. *See* Fed. R. Evid. 104(a)–(b) (stating that the court "must decide any preliminary question about whether a witness is qualified" and that "[w]hen the relevance of evidence depends on whether a fact exists, proof must be introduced sufficient to support a finding that the fact does exist").

Respectfully requested this 7th day of July, 2023.

*/s/ Marshall H. Ellis*
MARSHALL H. ELLIS
Hornthal, Riley, Ellis & Maland, LLP
301 East Main Street
Elizabeth City, NC 27909
Telephone: 252-335-0871
Fax: 252-335-4223
Email: mellis@hrem.com
N.C. State Bar No. 47720
Retained Counsel for the Defendant

*/s/ Charles R. Haskell*
Charles R. Haskell
LAW OFFICES OF CHARLES R. HASKELL, P.A.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: charles@charleshaskell.com
DC Bar No. 888304007
Retained Counsel for the Defendant

---

[4] Mr. Horn reserves the right to challenge the admissibility of such testimony under other provisions of the Federal Rules of Evidence.

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

ASHLEY AKERS
DOJ-CIV
Commercial Litigation Branch
1100 L Street Northwest
Washington, DC 20530
(202) 353-0521
Email: ashley.akers@usdoj.gov

SONIA WILLIAMS MURPHY
DOJ-CIV
Civil Division - Commercial Litigation Branch
1100 L Street NW
Washington, DC 20530
202-305-3067
Email: sonia.murphy@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on July 7, 2023, using the CM/ECF system which will send notification of such filing to the above.

    This the 7th day of July, 2023.

                */s/ Marshall H. Ellis*
                MARSHALL H. ELLIS
                Hornthal, Riley, Ellis & Maland, LLP
                301 East Main Street
                Elizabeth City, NC 27909
                Telephone: 252-335-0871
                Fax: 252-335-4223
                Email: mellis@hrem.com
                N.C. State Bar No. 47720
                Retained Counsel for the Defendant

                */s/ Charles R. Haskell*
                CHARLES R. HASKELL
                LAW OFFICES OF CHARLES R. HASKELL, P.A.
                641 Indiana Ave. NW
                Washington, DC 20004
                (202) 888-2728
                Email: charles@charleshaskell.com
                DC Bar No. 888304007
                Retained Counsel for the Defendant