### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **Case No. 21-CR-301 (TJK)** |
| | : | |
| STEPHEN HORN, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION IN LIMINE PURSUANT TO FEDERAL RULE OF EVIDENCE 615

Defendant Stephen Horn moves in limine to exclude "government witnesses" from being present in the courtroom during trial "so they cannot hear other witnesses' testimony." ECF No. 61. In response, the government has no objection to invoking the rule on witnesses and, in fact, would do the same on the morning of trial for any defense witnesses. We respond, however, to the extent that defendant's motion was intended to exclude the government's lead case agent. As explained below, this rule should not apply to the government's lead case agent, consistent with practice in other courts and the present court.

Federal Rule of Evidence 615 provides that upon a party's request or by its own authority, a court "must order witnesses excluded so that they cannot hear other witness' testimony." Fed. R. Evid. 615; *see also United States v. Thomas*, 835 F.2d 219, 222-23 (9th Cir. 1987); *see also United States v. Machor*, 879 F.2d 945, 953-54 (1st Cir. 1989). But the rule exempts "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney." Fed. R. Evid. 615(b); *see also United States v. Lee*, 834 F.3d 145, 162 (2d Cir. 2016) (affirming decision to exempt ATF special agent because he was properly within Rule 615(b) exemption as a 'representative' of the government). In addition, under Federal Rule of

Evidence 615(c), "a person whose presence a party shows to be essential to presenting the party's claim" should not be ordered excluded from the court during trial.

Several courts have held that case agents are exempt from sequestration under Rule 615(b) and (c). *See United States v. Phibbs*, 999 F.2d 1053 (6th Cir. 1993) (holding that Drug Enforcement Administration (DEA) special agent qualified as "essential" witness who could remain in courtroom, in addition to the Federal Bureau of Investigation (FBI) special agent qualified as government representative, to assist with drug prosecution, considering expected length of trial, number of defendants, and large amount of evidence); *United States v. Connors*, 894 F.2d 987 (8th Cir. 1990) (holding that trial court did not err in allowing FDIC examiner, who was the Government's final witness, to remain in the courtroom despite sequestration rule where his presence was essential to his ability to effectively testify regarding the exhibits before the jury); *United States v. Lee*, 834 F.3d 145 (2nd Cir. 2016*)* (holding that District Court properly exempted law enforcement agent from sequestration, as the government's case agent in prosecution of defendant for conspiring to commit and committing Hobbs Act robbery, using and carrying firearm in connection with crime of violence, and causing death through use of firearm); *United States v. Martin*, 920 F.2d 393 (6th Cir. 1990) (holding that FBI case agent was within exception to sequestration rules and was not excludable from courtroom during testimony of other witnesses, nor did agent have to testify first, even if other witnesses were being sequestered; case agent was prosecutor's information source and, even if agent had been excluded, prosecutor would have had to reveal other witnesses' testimony in order to map out strategy); *United States v. Gonzalez*, 918 F.2d 1129 (3rd Cir. 1990) (holding that trial court did not abuse its discretion when it denied defendant's motion to sequester government's case agent, even though case agent later testified against defendant and his codefendants, inasmuch as case agent functioned as government's

2

designated representative); *United States v. Thomas*, 835 F.2d 219 (9th Cir. 1987) (holding that Federal Evidence Rule 615 did not require exclusion of testifying government agent from trial during testimony of other witnesses, as agent was an officer for the Government); *United States v. Adamo*, 882 F.2d 1218, 1235 (7th Cir. 1989) (holding that undercover agent who was prosecution witness during cocaine distribution conspiracy trial could be designated to sit at government counsel's table, even though he was also witness.). As the court noted in *Adamo*, and has been widely adopted by courts since, the legislative history of Rule 615 makes it clear that a government investigative agent, even if a witness, may be designated to sit at counsel's table. *Id*. (citing S. Rep. No. 1277, 93rd Cong., 2d Sess. 26 (1974), reprinted in 1974 U.S. Code Cong. & Adm. News, 7051, 7072-73).

Accordingly, Federal Rule of Evidence 615 and governing case law expressly allow for a case agent to be present in the courtroom. Here, the government has designated lead case Special Agent Craig Noyes as its representative, pursuant to FRE 615. *See* FRE 615(b). SA Noyes is essential to the presentation of the government's case. SA Noyes's presence in the courtroom is necessary to allow him to effectively testify regarding the exhibits that will be admitted into evidence and, as one of the investigators throughout this case, he is the source of much of the government's information about this investigation. Even if the Court were to exclude his presence, the testimony of other witnesses would need to be revealed to "fact-check" information and allegations, and to map out the government's trial strategy. Though the prosecutors on this case have changed over time given the various staffing requirements of the United States Attorney, SA Noyes has worked on this case since its investigation and maintains a superior knowledge of the facts of this case. In sum, SA Noyes is an integral part of the trial team, and the Court should

permit SA Noyes to be present in the courtroom throughout the trial, notwithstanding defense's invocation of the rule on witnesses.

Respectfully submitted,

DATED: July 21, 2023

MATTHEW M.  GRAVES
United States Attorney
D.C.  Bar No.  481052

By: /s/ Ashley Akers
  ASHLEY AKERS
  MO Bar No. 69601
  Trial Attorney
  1100 L Street NW
  Washington, DC 20005
  (202) 353-0521
  Ashley.Akers@usdoj.gov

  SONIA W. MURPHY
  Bar No. 483072
  Trial Attorney
  601 D Street, NW
  Washington, DC 20001
  (202) 803-1612
  Sonia.Murphy@usdoj.gov