UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NO. 1:21-CR-00301-TJK-1

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN ETHAN HORN,<br><br>*Defendant.* | DEFENDANT'S<br>RESPONSE TO GOVERNMENT'S<br>MOTION IN LIMINE (D.E. 59) |

On July 7, 2023, the government filed a motion in limine asking the Court to make a number of pretrial rulings regarding the admissibility of certain evidence and arguments Defendant Stephen Ethan Horn ("Mr. Horn") may raise and/or pursue at trial. *See* D.E. 59. Mr. Horn submits the following response to the government's motion in limine, addressing each issue in turn.

*(I) Camera Locations*

The government asks the Court "to restrict the defendant's presentation of evidence regarding the specific position of U.S. Capitol Police surveillance cameras." D.E. 59 at 3. Mr. Horn does not plan to question government witnesses about the locations of any such cameras.

*(II) Secret Service Tactics and Emergency Operations*

The government asks the Court "to limit the defendant's cross examination of Secret Service witnesses on their specific tactics and emergency operations." D.E. 59 at 6. Mr. Horn does not plan to ask questions that would reveal information that would compromise "that agency's ability to protect high-ranking members of the Executive branch and, by extension, national security." *Id.*

1

However, in addition to proving that, at the time of the breach, Secret Service agents were on duty to protect the Vice President and his family, who were at the Capitol, the government states it will offer evidence "about the Capitol breach's *effect* on the Secret Service's protection of Vice President [Mike] Pence and his family members." *Id.* (emphasis added). While the Secret Service's role on January 6, 2021, may be essential proof of what constitutes "restricted buildings or grounds" under 18 U.S.C. § 1752(c)(1)(B), the breach's *effect* on the Secret Service's role is not. As such, Mr. Horn asks the Court to prohibit any testimony regarding the effect of the breach on the Secret Service's role.

While relevant evidence is generally admissible, "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; *and* (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added).

Here, the fact of consequence the government will need to prove is whether the Capitol building, on January 6, 2021, was a "restricted building or grounds," as defined by 18 U.S.C. § 1752(c)(1)(B). The statute defines the phrase to mean "any posted, cordoned off, or otherwise restricted area . . . of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." *Id.* While this definition thus undoubtedly requires proof as to the Secret Service and whom it was protecting on the day in question, it is conspicuously silent as to any detail regarding the Secret Service's *performance* of its role in protecting that particular person on the day in question. The effect of the breach on the Secret Service's role and/or job performance on January 6, 2021, is thus not a fact "of consequence" for determining whether the Capitol qualified as "restricted buildings or grounds" on that day.

Therefore, testimony regarding such effect should be excluded from Mr. Horn's trial as irrelevant.

In the alternative, Mr. Horn asks the Court to exclude any testimony regarding the effect of the breach on the Secret Service's job performance under Rule 403, which provides that the Court "may [still] exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, [or] wasting time." Fed. R. Evid. 403. Mr. Horn believes the evidence will show that he was at the Capitol on January 6, 2021, as an independent journalist to engage in newsgathering activity. As such and while it is the government's prerogative to introduce proof showing that the Capitol, on January 6, 2021, qualifies as a "restricted building or grounds" under § 1752(c)(1)(B)'s definition, testimony regarding the actions of violent protesters who thwarted the Secret Service's ability to protect the Vice President that day will waste time and only serve to inflame the jury, confuse it, and/or mislead it from deciding the actual issues it will be asked to resolve.

*(III) Entrapment by Estoppel/Public Authorities Defense*

The government "asks the Court to prohibit the defendant from making arguments or introducing irrelevant evidence that former President Trump or other officials gave the defendant permission to attack the U.S. Capitol, in what are commonly known as 'entrapment-by-estoppel' or 'public authority' defenses." D.E. 59 at 8. Mr. Horn does not plan to pursue these theories. Again, Mr. Horn believes the evidence will show that he went to the Capitol on January 6, 2021, as an independent journalist for strictly newsgathering purposes.

*(IV) Inaction by Law Enforcement*

"In addition to prohibiting arguments that any officials or officers permitted the defendant to enter the Capitol grounds," the government asks the Court to "bar the defendant

from arguing that any failure of law enforcement to act rendered the defendant's conduct legal." *Id.* at 12. For reasons previously stated, Mr. Horn does not plan to argue that "his conduct was lawful [merely] because law enforcement officers allegedly failed to prevent it or censure it when it occurred." *Id.*

Mr. Horn notes, however, that the government's position only seeks to prohibit *argument* that his conduct was lawful based on the actions/inactions of law enforcement. To the extent that the government seeks to prohibit Mr. Horn from testifying as to his state of mind on the day in question, and how it was influenced by observing or not observing certain law enforcement presence or actions, Mr. Horn objects to the government's request. As explained below, Mr. Horn has the fundamental right to tell his side of the story with respect to the day in question. That right includes the requirement that he be "afforded a meaningful opportunity to present a complete defense." *California v. Trombetta*, 467 U.S. 479, 485 (1984). Thus, while he does not plan to argue that his conduct was lawful solely because of the actions or inactions of law enforcement on January 6, 2021, Mr. Horn does plan to testify in his own defense, which will include testimony regarding his state of mind on the day in question.

*(V) The First Amendment*

Mr. Horn did not go to the Capitol on January 6, 2021, to protest but instead to gather the news as a journalist. As such, he will not be arguing that "there was a First Amendment right to *protest* inside the restricted area around the Capitol that day." *Id.* at 13 (emphasis added).

However, to the extent that the government seeks to prohibit Mr. Horn from discussing and/or arguing the First Amendment during his trial, the government's request should be denied. According to the Supreme Court, "it cannot be doubted that a defendant in a criminal case has the right to take the witness stand and to testify in his or her own defense." *Rock v. Arkansas*,

4

483 U.S. 44, 49 (1987). "In fact, the most important witness for the defense in many criminal cases is the defendant himself." *Id.* at 52. To that end, "[t]here is no justification" for denying "an accused the opportunity to offer his own testimony," i.e. "to tell [his] side of the story." *Id.* at 52, 49. *See also Crane v. Kentucky*, 476 U.S. 683, 690 (1986) ("observing that an essential component of procedural fairness [at trial] is an opportunity to be heard").

Mr. Horn has consistently maintained that he went to and entered the Capitol on January 6, 2021, for strictly newsgathering purposes. Such activity undoubtedly implicates the First Amendment. *See Sherrill v. Knight*, 569 F.2d 124, 128, 129–30 (D.C. Cir. 1977). *See also* Hearing Tr. 13, *Cable News Network, Inc. v. Trump*, No. 1:18-cv-02610-TJK (D.D.C. Nov. 16, 2018) (stating that "the First Amendment interests . . . recognized in *Sherrill* . . . were liberties of the individual journalists themselves").

While it may be true that "no member of the public, including [Mr. Horn], had a First Amendment right to engage in *protest* or *speech* within" the restricted area, D.E. 59 at 14 (emphases added), the scope of that prohibition does not extend to journalists, independent and otherwise, who went there to gather the news. Any attempt by the government to say otherwise would ignore the fact that it has refrained from prosecuting many other independent journalists who entered the Capitol with the crowd of rioters on January 6, 2021, without any sort of press pass or credential. *See* D.E. 58-6, 58-7 (affidavits of Jeremy Lee and Stephen Baker submitted in support of Mr. Horn's motion to dismiss due to selective prosecution).

In short, Mr. Horn has the right to tell the jury his story as a journalist who covered the January 6, 2021, events at the Capitol. In doing so, the First Amendment will inevitably come up. Denying him the opportunity to tell the jury his side of the story would violate his

fundamental trial rights that are protected by "several provisions of the Constitution." *Rock*, 483 U.S. at 51–53 (discussing the Fourteenth, Sixth, and Fifth amendments).

*(VI) Jury Nullification*

Mr. Horn does not plan to elicit testimony or advance argument concerning the possible penalties the Court may impose should he be convicted of one or more of the four offenses with which he is charged.

*****************************

Respectfully submitted this 21st day of July, 2023.

*/s/ Marshall H. Ellis*
MARSHALL H. ELLIS
Hornthal, Riley, Ellis & Maland, LLP
301 East Main Street
Elizabeth City, NC 27909
Telephone: 252-335-0871
Fax: 252-335-4223
Email: mellis@hrem.com
N.C. State Bar No. 47720
Retained Counsel for the Defendant

*/s/ Charles R. Haskell*
Charles R. Haskell
LAW OFFICES OF CHARLES R. HASKELL, P.A.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: charles@charleshaskell.com
DC Bar No. 888304007
Retained Counsel for the Defendant

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Ashley Akers
DOJ-CIV
Commercial Litigation Branch
1100 L Street Northwest
Washington, DC 20530
(202) 353-0521
Email: ashley.akers@usdoj.gov

Sonia Williams Murphy
DOJ-CIV
Civil Division - Commercial Litigation Branch
1100 L Street NW
Washington, DC 20530
202-305-3067
Email: sonia.murphy@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on July 21, 2023, using the CM/ECF system which will send notification of such filing to the above.

    This the 21st day of July, 2023.

    ***/s/ Marshall H. Ellis***
MARSHALL H. ELLIS
Hornthal, Riley, Ellis & Maland, LLP
301 East Main Street
Elizabeth City, NC 27909
Telephone: 252-335-0871
Fax: 252-335-4223
Email: mellis@hrem.com
N.C. State Bar No. 47720
Retained Counsel for the Defendant

    ***/s/ Charles R. Haskell***
CHARLES R. HASKELL
LAW OFFICES OF CHARLES R. HASKELL, P.A.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: charles@charleshaskell.com
DC Bar No. 888304007
Retained Counsel for the Defendant