**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Case No. 21-cr-301 (TJK)** |
| **v.** | : | |
| | : | |
| **STEPHEN HORN,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO**
**GOVERNMENT'S MOTION IN LIMINE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this reply to the defendant's response to the government's motion *in limine*. *See* ECF No. 67 (defendant's response) and ECF No. 59 (government's motion *in limine*). In its motion, the government seeks to preclude evidence and argument at trial relating to: (1) the specific locations of security cameras in the U.S. Capitol; (2) specific Secret Service tactics and emergency operations; (3) the defendant's conduct being authorized by former President Trump or other officers or officials; (4) any inaction by law enforcement permitting defendant's conduct; (5) the First Amendment permitting defendant's conduct; and (6) matters that encourage jury nullification. *See* ECF No. 59 at 1.

As it relates to the first issue, the defendant has responded and indicated that he "does not plan to question government witnesses about the locations of" security cameras in the U.S. Capitol (*see* ECF No. 67 at 1). Therefore, we respectfully request the Court grant the government's motion on this issue.

As it relates to the third issue, the defendant has responded and indicated that he "does not plan to pursue [] theories" that former President Trump or other officials gave the defendant permission to attack the U.S. Capitol (*id*. at 3). Therefore, we respectfully request the Court grant the government's motion on this issue.

As it relates to the fifth issue, the defendant has responded and indicated that he "will not be arguing that there was a First Amendment right to *protest* inside the restricted area around the Capitol [on January 6, 2021]." *Id*. at 4 (emphasis in original).[1]  Therefore, we respectfully request the Court grant the government's motion on this issue.

As it relates to the sixth issue, the defendant has responded and indicated that he "does not plan to elicit testimony or advance argument concerning the possible penalties the Court may impose should [the defendant] be convicted of one or more of the four offenses with which he is charged." *Id*. at 6.  Therefore, we respectfully request the Court grant the government's motion on this issue.

Given the defendant's proffer, the government responds only to the remaining areas of dispute below – that is, the second (Secret Service testimony) and fourth (inaction by law enforcement) issues raised in our motion *in limine*.

## I.    ARGUMENT

### A.    Secret Service Witness Testimony

In response to the government's request for an order limiting the cross-examination of the government's Secret Service witnesses to questioning about the function performed by the Secret Service as testified to on direct exam, the defendant proffers that he "does not plan to ask questions that would reveal information that would compromise [the Secret Service's] ability to protect high-ranking members of the Executive branch" or "national security," but then asks the Court to "prohibit any testimony regarding the effect of the [Capitol] breach on the Secret Service's role." ECF No. 67 at 1-2.  Defendant submits that the Capitol breach's "*effect* on the Secret Service's

---

[1]  The government does not seek to prohibit the defendant from arguing that he entered the Capitol on January 6, 2021 for "newsgathering purposes."  ECF No. 67 at 5.

role" is irrelevant, or alternatively, will "only serve to inflame the jury, confuse it, and/or mislead it from deciding the actual issues it will be asked to resolve." *Id*. at 2-3 (emphasis in original).

But the effect of the breach of the Capitol on the Secret Service's role is directly relevant to whether the defendant's conduct was disorderly or disruptive, as charged in Count Two of the Information. *See* ECF No. 41. In order to determine whether the defendant is guilty of disorderly and disruptive conduct in violation of 18 U.S.C. § 1752(a)(2), the jury will be asked to determine whether the defendant intended to, and in fact did, impede and disrupt the orderly conduct of government business and official functions. *Id*. As such, testimony from Secret Service witnesses regarding the effect of the Capitol breach on their official function of protecting the Vice-President and his family members is "of consequence in determining the action." Fed. R. Evid. 401 (defining relevant evidence). And such testimony is undoubtedly probative and will not serve to confuse or mislead the jury (*see* Fed. R. Evid. 403), despite defendant's protestations to the contrary.

The government does not read defendant's response to object to the government's motion *in limine*. Therefore, we respectfully request the Court grant the government's motion, limiting the cross-examination of the government's Secret Service witnesses to questioning about the function performed by the Secret Service.

**B.    Testimony Regarding Inaction By Law Enforcement**

The government asked the Court to preclude the defendant from arguing that alleged inaction by law enforcement officers rendered his conduct on January 6, 2021 legal. ECF No. 59 at 12. In response, the defendant proffers that he "does not plan to argue that his conduct was lawful *solely* because of the actions or inactions of law enforcement on January 6, 2021," and that he "does plan to testify in his own defense, which will include testimony regarding his state of mind on the day in question" and "how it was influenced by observing or not observing certain law enforcement presence or actions." ECF No. 67 at 4 (emphasis added). The proffered

testimony, as described by the defendant, fits squarely within the prohibition the government has requested. The fact that the actions or inactions of law enforcement may not be the only reason for which the defendant argues that his conduct was legal does not resolve the government's concerns. As demonstrated in the government's motion *in limine*, "[s]ettled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct." *United States v. Williams*, No. 21-cr-377, at *3 (D.D.C. June 8, 2022).

Moreover, this court has recognized that "the public authority and entrapment-by-estoppel defenses are available only when the official's statements or conduct state or clearly imply that the defendant's actions are lawful." *United States v. Sheppard*, 21-cr-203-JDB, ECF No. 63 at 18. Inaction by a Metropolitan Police Officer or Capitol Police Officer in the face of overwhelming numbers of rioters attempting to breach the Capitol would not rise to the level of advising or clearly implying that the defendant's behavior was lawful. *See United States v. Oliveras*, No. CR 21-738 (BAH), 2023 WL 196525, at *2 (D.D.C. Jan. 17, 2023) ("Settled caselaw makes clear that law officer inaction—whatever the reason for the inaction—cannot sanction unlawful conduct"). Accordingly, the defendant should be prohibited from arguing that his conduct was lawful because law enforcement officers allegedly failed to prevent it when it occurred.

## II.    CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court grant its motion *in limine*. If the Court determines that an evidentiary hearing is necessary to rule on this motion, the government asks that the hearing be held *in camera* and *ex parte*.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:    */s/ Sonia W. Murphy*
SONIA W. MURPHY
D.C. Bar No. 483072
Trial Attorney (Detailed)
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20001
Phone: (202) 305-3067
Email: Sonia.Murphy@usdoj.gov

*/s/ Ashley Akers*
ASHLEY AKERS
MO Bar No. 69601
Trial Attorney (Detailed)
United States Attorney's Office
601 D Street, N.W.
Washington, DC 20001
Phone: (202) 353-0521
Email: Ashley.Akers@usdoj.gov