**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**NO. 1:21-CR-00301-TJK-1**

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> **v.** <br><br> **STEPHEN ETHAN HORN,** <br><br> ***Defendant.*** | **DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION IN LIMINE (D.E. 60)** |

Defendant Stephen Ethan Horn ("Mr. Horn") has moved the Court, under Rules 602 and 1002 of the Federal Rules of Evidence, for an order that prevents the government's witnesses from testifying about the content "of *a video recording Mr. Horn personally captured of the events in question* from January 6, 2021." D.E. 60 at 1 (emphasis added). The government's response incorrectly states that Mr. Horn currently "seeks to prohibit the government's witnesses from narrating *any* videos." D.E. 64 at 1 (emphasis added). There *may* be videos that the government will seek to introduce into evidence for which "narration" by certain witnesses is permissible under the Federal Rules of Evidence.

But with respect to Mr. Horn's recording, the best evidence rule prohibits government witnesses with *no* first-hand knowledge of the events captured in Mr. Horn's recording from attempting to "narrate" the content of that video for the jury. *See* Fed. R. Evid. 1002 (stating that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise"). *See also United States v. Chavez*, 976 F.3d 1178, 1195 (10th Cir. 2020) (stating that the best evidence rule "implements the 'elementary wisdom' that an original is 'a more reliable, complete[,] and accurate source of information as to

1

its contents and meaning than anyone's description,'" (quoting *Gordon v. United States*, 344 U.S. 414, 421 (1953)).

The government's response never addresses or even cites the best evidence rule. Instead, the government appears to ask the Court to circumvent the rule by simply allowing its witnesses to testify to whatever "provides necessary context" to the jury and assists it "in authenticating and interpreting video and documentary evidence." *See* D.E. 64 at 2, 6.

The Federal Rules of Evidence do not render evidence admissible simply because it "provides necessary context." *See United States v. Day*, 591 F.2d 861, 892 n.22 (D.C. Cir. 1978) (noting that "inadmissible evidence is not rendered admissible simply because the Government otherwise would have difficulty proving its case" (Robinson, J., dissenting in part)). Moreover, it is the proponent's responsibility to authenticate evidence it seeks to admit, not that of the trier of fact. *See* Fed. R. Evid. 901 ("[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is").

For these reasons and the prior analysis set forth in the motion at issue, D.E. 60, Mr. Horn asks the Court to reject the government's argument and apply the best evidence rule by prohibiting any government witnesses who have no first-hand knowledge of the specific events captured in Mr. Horn's video recording from attempting to narrate or commentate, in the form of an opinion or otherwise, the content of that recording. The best evidence rule exists for this very situation, i.e., the trier of fact must be allowed to view the recording itself and form its *own* opinions regarding its content, without the taint of opinions from witnesses who have no direct, first-hand knowledge of the content captured by the recording.

In the alternative, Mr. Horn submits that testimony from government witnesses that attempts to commentate or narrate his recording should be excluded under Rule 403. *See* Fed. R. Evid. 403 (stating that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). Again, if Mr. Horn's video is admitted into evidence, the jury should be allowed to watch it and form its own opinions about the details, circumstances, and events captured therein. The government would certainly be free to use the content of the video in its closing argument to the jury, but it should not be allowed to present witnesses who will attempt to tell the jury what he/she believes is captured in Mr. Horn's video when said witnesses have no direct, first-hand knowledge of the events captured therein. The best way to learn and form an opinion about what happens in a movie is to watch it for oneself, *not* have someone else watch it for you then tell you what happens.

Mr. Horn writes briefly to address other issues raised by the government's response.

*(I) Lay Opinion Testimony*

In arguing narration of videos should be allowed even when a witness has no "direct experience" with the content portrayed in the recording at issue, the government argues that such "testimony may still be permissible under Rule 701." *See* D.E. 64 at 2. But as the government notes, this rule only allows a lay witness to testify in the form of an opinion if that opinion, among other requirements, is "rationally based on the witness's perception." Fed. R. Evid. 701(a). This limitation "is the familiar requirement of *first-hand* knowledge or observation." Fed. R. Evid. 701, 1972 Advisory Committee Notes (emphasis added). Thus, contrary to the government's initial assertion, Rule 701 *does* require the witness to have direct, first-hand

knowledge of the matter to which the witness seeks to give an opinion. *See United States v. Williams*, 827 F.3d 1134, 1155 (D.C. Cir. 2016) (observing that Rule 701 "was designed to ensure that any opinions offered by a lay witness are based on personal, 'first -hand knowledge or observation'" (quoting the Advisory Committee Notes)).

*(II) Statutory Interpretation and the Government's Cases*

In support of its position that government witnesses should be allowed to narrate Mr. Horn's video recording, the government cites many cases. *See* D.E. 64 at 2–5. Most, if not all, of these opinions were not issued by the Supreme Court or the D.C. Circuit, and as such, this Court is not obligated to follow them. Even so and with respect to the motion at issue, neither *United States v. Begay*, 42 F.3d 486 (9th Cir. 1994), nor *United States v. Torralba-Mendia*, 784 F.3d 652 (9th Cir. 2015),[1] cite or discuss Rule 1002, the best evidence rule.

"[W]hen a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Est. of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475 (1992). *See also United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 241 (1989) (stating that statutory interpretation always begins "with the language of the statute itself"). Here, the language of the statute at issue, the best evidence rule, could not be clearer: "[a]n original writing, recording, or photograph is required in order to prove its content." Fed. R. Evid. 1002. While witnesses are not necessarily precluded from testifying about the content of such a recording, a witness "may testify to [that] matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of [it]." Fed. R. Evid. 602. Knowledge that is personal is "derived from perceiving with [the witness's own] senses the facts about which [the witness] will testify." *See* Charles Alan Wright et al., *Federal Practice*

---

[1] The government incorrectly cites this case as appearing at 784 F.3d 666. *See* D.E. 64 at 3.

*and Procedure* vol. 27 § 6022 (2d ed.) (further stating that the "proposition implicit in the personal knowledge requirement of Rule 602 [is that] [a] witness should normally limit testimony to observed facts, refraining from giving opinions or drawing inferences to the extent possible"). *See also United States v. Evans*, 484 F.2d 1178, 1181 (2d Cir. 1973) (noting that what a witness "represents as his [personal] knowledge must be an impression derived from the exercise of his own senses, not from the reports of others,–in other words, must be founded on personal observation" (citation omitted)).

For these reasons, Mr. Horn submits that the cases cited by the government should *not* decide the best evidence rule issue implicated by his video recording. He asks the Court to apply the plain meaning of that rule and not allow government witnesses to attempt to narrate his video unless it can be established that such witness has first-hand, personal knowledge of the events captured therein.

Respectfully submitted this 28th day of July, 2023.

*/s/ Marshall H. Ellis*
MARSHALL H. ELLIS
Hornthal, Riley, Ellis & Maland, LLP
301 East Main Street
Elizabeth City, NC 27909
Telephone: 252-335-0871
Fax: 252-335-4223
Email: mellis@hrem.com
N.C. State Bar No. 47720
Retained Counsel for the Defendant

*/s/ Charles R. Haskell*
Charles R. Haskell
LAW OFFICES OF CHARLES R. HASKELL, P.A.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: charles@charleshaskell.com
DC Bar No. 888304007
Retained Counsel for the Defendant

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Ashley Akers
DOJ-CIV
Commercial Litigation Branch
1100 L Street Northwest
Washington, DC 20530
(202) 353-0521
Email: ashley.akers@usdoj.gov

Sonia Williams Murphy
DOJ-CIV
Civil Division - Commercial Litigation Branch
1100 L Street NW
Washington, DC 20530
202-305-3067
Email: sonia.murphy@usdoj.gov

by electronically filing the foregoing with the Clerk of Court on July 28, 2023, using the CM/ECF system which will send notification of such filing to the above.

This the 28th day of July, 2023.

*/s/ Marshall H. Ellis*
MARSHALL H. ELLIS
Hornthal, Riley, Ellis & Maland, LLP
301 East Main Street
Elizabeth City, NC 27909
Telephone: 252-335-0871
Fax: 252-335-4223
Email: mellis@hrem.com
N.C. State Bar No. 47720
Retained Counsel for the Defendant

*/s/ Charles R. Haskell*
CHARLES R. HASKELL
LAW OFFICES OF CHARLES R. HASKELL, P.A.
641 Indiana Ave. NW
Washington, DC 20004
(202) 888-2728
Email: charles@charleshaskell.com
DC Bar No. 888304007
Retained Counsel for the Defendant