# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>STEPHEN ETHAN HORN,<br><br>*Defendant*. | Criminal Action No. 21-301 (TJK) |

## ORDER

For the reasons stated on the record at the August 28, 2023, pretrial conference, it is hereby

**ORDERED** the Defendant's Motion to Dismiss the Superseding Information, ECF No. 58, is **DENIED**. It is further

**ORDERED** that Defendant's Motion *in Limine* to Preclude Testimony from Government Witnesses About the Contents of Defendant's Video Recording of the Events in Question under Federal Rules of Evidence 602 and 1002, ECF No. 60, is **DENIED**, without prejudice to Defendant's ability to object, along the lines suggested by the Court in its oral ruling, to any specific testimony offered by such a government witness. It is further

**ORDERED** that Defendant's Motion to Exclude Witnesses under Federal Rule of Evidence 615, ECF No. 61, is **GRANTED IN PART AND DENIED IN PART**. The government's witnesses—except for Special Agent Craig Noyes—shall be excluded from the courtroom during trial, except when they are testifying. It is further

**ORDERED** that the Government's Motion *in Limine* to preclude Defendant from introducing evidence relating to the location of specific surveillance cameras, ECF No. 59 at 3–5, is **GRANTED** as unopposed. Defendant is precluded from eliciting any testimony regarding the

location of specific U.S. Capitol Police surveillance cameras or making use of any exhibits that show the same.  It is further

**ORDERED** that the Government's Motion *in Limine* to preclude Defendant from introducing evidence reflecting specific tactics and emergency operations employed by the U.S. Secret Service, ECF No. 59 at 6–7, is **GRANTED** as unopposed.  Defendant is precluded from eliciting testimony regarding U.S. Secret Service's specific tactics and emergency operations, including: (1) U.S. Secret Service protocols related to the locations where protectees or their motorcades are taken at the Capitol or other government buildings when emergencies occur; and (2) details about the nature of U.S. Secret Service protective details, such as the number and type of agents it assigns to protectees.  It is further

**ORDERED** that the Government's Motion *in Limine* to preclude Defendant from arguing entrapment by estoppel or advancing a public authority defense, ECF No. 59 at 8–12, is **GRANTED** as unopposed.  Defendant is precluded from introducing evidence or argument in support of these theories.  It is further

**ORDERED** that the Government's Motion *in Limine* to preclude Defendant from introducing evidence or argument that alleged inaction by law enforcement officers made his conduct on January 6, 2021 legal, ECF No. 59 at 12, is **GRANTED**.  Defendant is precluded from introducing evidence or argument that any law enforcement inaction independently somehow rendered his conduct lawful.  However, as the Government concedes, Defendant may present evidence and argument about how any law enforcement inaction that he witnessed on January 6, 2021 affected his state of mind that day.  It is further

**ORDERED** that the Government's Motion *in Limine* to preclude Defendant from arguing that his conduct was permitted or protected by the First Amendment, ECF No. 59 at 13–14, is

**GRANTED**.  Defendant is precluded from introducing evidence or argument that the First Amendment somehow permitted or protected his conduct on January 6, 2021.  However, as the Government concedes, he may offer evidence or argument that his intent in entering the restricted area around the Capitol that day was to newsgather—to document or report to others what was happening.  Should the Defendant seek to introduce evidence or argument that any (wrongful) belief that the First Amendment permitted or protected his conduct on January 6, 2021 informed his state of mind that day, the parties shall discuss the matter and present any dispute to the Court before the Defendant seeks to do so.  It is further

**ORDERED** that the Government's Motion *in Limine* to preclude Defendant from introducing evidence or argument that encourages jury nullification, ECF No. 59 at 14–15, is **GRANTED** as unopposed.  Defendant is precluded from introducing evidence or argument about potential punishment relating to any of the charged offenses.  It is further

**ORDERED** that the parties shall file a joint status report by September 1, 2023, setting forth the parties' proposal for the deadlines discussed at today's conference, as well as whether the parties continue to expect this case to proceed to trial.

    **SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: August 28, 2023